**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PATRICK MILLIGAN and LATOYA MILLIGAN,

Plaintiffs,

vs. No. 1:25-cv-00823-WJ-JMR

TOWN OF EDGEWOOD, NEW MEXICO, and
BRAD HILL, in his individual capacity and official
Capacity as Planning and Zoning Director,

Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO SET ASIDE ENTRY OF DEFAULT AND MOTION TO DISMIS**

THIS MATTER is before the Court on the Defendant Town of Edgewood's Motion to Set Aside Entry of Default **[Doc. 17]** and Defendants' Motion to Dismiss and Stay Proceedings **[Doc. 22]**. The Court will grant both Motions, set aside the Entry of Default, and dismiss this case without prejudice.

**1. Factual and Procedural Background**

Plaintiffs Patrick Milligan and Latoya Milligan are proceeding *pro se.* Plaintiffs filed their Complaint for Violation of Civil Rights and Damages Under the New Mexico Tort Claims Act on August 25, 2025. **[Doc. 1]**. The Complaint states that Plaintiffs' claims are brought under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1, et seq. **[Doc. 1 at 1, ¶ 2]**. The factual allegations of the Complaint, in their entirety, are as follows:

> "12. On September 8, 2023, Plaintiffs appeared before the Planning and Zoning Commission in a quasi-judicial hearing regarding their

> Conditional Use Permit application.
> 13. The Commission tabled the application for further review. No official vote to deny the permit was recorded in the minutes or reflected in audio records.
> 14. Despite this Plaintiffs were falsely informed by Town staff Brad Hill that the CUP was denied, thereby depriving them of the opportunity to appeal and cutting off their property and business rights.
> 15. Following the hearing, Brad Hill engaged in retaliatory code enforcement harassment, including unannounced site inspections, attempts to enter Plaintiffs' property without cause, and punitive enforcement of animal and fencing requirements.
> 16. Defendants also suppressed and mishandled public records, failing to provide full minutes and audio from the meeting, in violation of the New Mexico Inspection of Public Records Act (IPRA).
> 17. As a result, Plaintiffs suffered economic losses, reputational harm, emotional distress, and damage to their marital relationship and family stability."

**[Doc. 1 at 3-4, ¶¶ 12-17]**. Plaintiffs seek relief in the form of compensatory damages for economic loss, emotional distress, reputational harm, and family harm, loss of consortium damages for Plaintiff Latoya Milligan, punitive damages against Defendant Hall, attorney fees and costs, pre- and post-judgment interest, and declaratory and injunctive relief. **[Doc. 1 at 5]**.

Plaintiffs sought and obtained a Clerk's Entry of Default against Defendant Town of Edgewood. **[Doc. 10]**. Defendants Hall and Town of Edgewood filed Answers to the Complaint. **[Doc. 13, 15]**. Defendant Town of Edgewood then filed its Motion to Set Aside Entry of Default. **[Doc. 17]**. Plaintiffs filed an Opposition to Defendants' Motion to Set Aside Default. **[Doc. 19]**. Defendant Town of Edgewood filed its Reply. **[Doc. 28]**.

Defendants Town of Edgewood and Hill filed their Motion to Dismiss. **[Doc. 22]**. Plaintiffs filed a Notice of Evidence Contradicting Defendants' Motion to Dismiss, which the Court construes as a response in opposition. **[Doc. 27]**. Defendants then filed their Reply in support of the Motion to Dismiss. **[Doc. 34]**.

**2. The Clerk's Entry of Default Should Be Set Aside**

Under Fed. R. Civ. P. 55(a) "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit of otherwise, the clerk must enter the party's default." Rule 55 further provides that "[t]he court may set side an entry of default for good cause." Fed. R. Civ. P. 55(c). Default is generally disfavored and the showing necessary to set aside a clerk's entry of default is a light burden. *See, e.g., Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir. 1970). The Court considers three factors in deciding whether to set aside a clerk's entry of default: (1) whether the default was willful; (2) whether setting default aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *Watkins v. Donnelly,* 551 F. App'x 953, 958 (10th Cir. 2014).

The record reflects that the failure to the Town of Edgewood to file an initial timely answer was not willful but, instead, was the result of confusion over whether service of process was proper and what law firm would be representing the Defendant in the case. **[Doc. 37 at 1-2, 7-8]**. Therefore, the first factor favors setting aside the Clerk's Entry of Default. The second factor also supports the request to set aside. The Clerk's Entry of Default was made very early in the proceedings, before Plaintiffs had expended time or resources on discovery, Town of Edgewood's Answer to Plaintiffs' Complaint was filed almost immediately, and Defendant promptly moved to set aside the entry of default. **[Doc. 12, 13, 15, 17]**. Therefore, there is little, if any, prejudice to Plaintiffs by setting aside the entry of default. Last, Defendant Town of Edgewood has presented several potentially meritorious defenses in this case, including the failure of the Complaint to state a claim, lack of timely notice of the tort claims, and the bar of the New Mexico Tort Claims Act statute of limitations. **[Doc. 23, 25, 17 at 9-10; 22]**.

The failure to file a timely initial answer was not willful on the part of Defendant Town of Edgewood, setting aside the entry of default will not be prejudicial to Plaintiffs, and Defendant has demonstrated the existence of potentially meritorious defenses. Therefore, the Court will order that the Clerk's Entry of Default **[Doc. 12]** be set aside under Fed. R. Civ. P. 55(c).

**3. The Motion to Dismiss Should Be Granted**

**A. Standards for a Motion to Dismiss.** Defendants seek dismissal on the grounds that the Complaint fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6). **[Doc. 22]**. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When assessing plausibility, a plaintiff's allegations are 'read in the context of the entire complaint.'" *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (citation omitted). Under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). However, the Court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if

"it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under both the Constitution and § 1981. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006) (claims against state actors for violation of § 1981 must be brought under 42 U.S.C. § 1983).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a

constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

**B. Plaintiffs' Complaint Fails to State a § 1983 Claim for Relief.**

Because Plaintiffs are proceeding *pro se*, the Court liberally construes their factual allegations. However, the Court treats only the well-pled factual allegations as true and need not accept conclusory, unsupported allegations. *Bell Atlantic Corp._v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The allegations of paragraphs 12 to 17 of the Complaint are almost devoid of any well-pled facts. Instead, they are essentially a series of conclusory and unsupported allegations. **[Doc. 1 at 3-4, ¶¶ 12-17]**.

The Complaint largely refers to "Defendants" and does not specify exactly who is alleged to have done what to whom. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. When the Complaint does refer to Defendant Hill, it does so in conclusory terms but does not factually specify how Defendant may have violated any of their rights or how his actions caused the claimed damages.

*See Trask v. Franco*, 446 F.3d at 1046. As such, the Complaint fails to state a § 1983 claim against Defendant Town of Edgewood or Defendant Hill.

**C. The New Mexico Tort Claims Act Notice and Claims are Untimely.**

Defendants seek dismissal of Plaintiffs' claims under the New Mexico Tort Claims Act on the grounds that Plaintiffs failed to give notice as required by the Act. **[Doc. 22 at 12]**. Plaintiffs and Defendants agree that Plaintiffs did send a Tort Claims Act notice to the Town of Edgewood on August 7, 2025. **[Doc. 27 at 4]**. However, Defendants argue that, because the Notice was not sent within 90 days of the occurrence giving rise to their claims, the Notice was untimely.

The record shows that Plaintiffs failed to give the requisite notice under the New Mexico Tort Claims Act in a timely manner. The Tort Claims Act contains a written notice requirement. *See* NMSA 1978, § 41-4-16(A). Any "person who claims damages against a public entity is required to provide the administrative head of the public entity with written notice stating the "time, place[,] and circumstances of the loss or injury" that gave rise to the claim. *Herald v. Bd. of Regents of Univ. of New Mexico*, 2015-NMCA-104, ¶ 49, 357 P.3d 438. Such notice must be given "within ninety days after an occurrence giving rise to a claim." NMSA 1978 § 41-4-16(A). As Defendants correctly assert in its Motion, the notice requirement is both a prerequisite to bringing a tort claim against a governmental entity, and a jurisdictional limitation. *See* NMSA 1978, § 41-4-16(B). Under the facts alleged in Plaintiffs' Complaint, the occurrence giving rise to Plaintiffs' claims occurred September 8, 2022. **[Doc. 1 at 3, ¶ 12]**. Plaintiffs did not provide Defendants with notice of their claims until August 7, 2025, more than ninety days after the occurrence giving rise to the tort claims against Defendants. Therefore, the claims under the New Mexico Tort Claims Act claims are properly dismissed for failure to timely comply with § 41-4-16(A).

In addition, the Tort Claims Act provides that any claims brought under the Act against a governmental entity or a public employee are "forever barred, unless such action is commenced within two years after the date of the occurrence resulting in loss, injury, or death." NMSA 1978, § 41-4-15. Plaintiffs' Complaint alleges that the occurrence giving rise to their alleged damages was on September 8, 2022. **[Doc. 1 at 3, ¶ 12]**. However, Plaintiffs did not file their Complaint until August 25, 2025, almost three years later. **[Doc. 1 at 1]**. Therefore, the suit was not brought within two years as required by § 41-4-15 and the Tort Claims Act claims are barred by the applicable statute of limitations.

**IT IS THEREFORE ORDERED:**

**(1)** the Defendant Town of Edgewood's Motion to Set Aside Entry of Default **[Doc. 17]** is **GRANTED;**

**(2) the** Clerk's Entry of Default **[Doc. 12]** is **SET ASIDE;**

**(3)** the Defendants' Motion to Dismiss **[Doc. 22]** is **GRANTED**;

**(4)** the Complaint **[Doc. 1]** and all claims and causes of action are **DISMISSED without prejudice**; and

**(5)** Plaintiffs' Motion to Strike Answer **[Doc. 20]**, Motion and Notice of Supplemental Proof of Service **[Doc. 21]**, Motion to Strike **[Doc. 26]**, and Motion for Sanctions **[Doc. 35]** are **DENIED** as moot in light of dismissal of the case.

____/s/__________________________________
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE